[Crim. No. 184. First Appellate District.—September 4, 1909.]

## THE PEOPLE, Respondent, v. JOHN S. ROSS, Appellant.

CRIMINAL LAW—MURDER—INSTRUCTION AS TO SELF-DEFENSE AND REASONABLE DOUBT—REFUSAL NOT PREJUDICIAL—REQUEST COVERED BY OTHERS GIVEN.—In a prosecution for murder, if it be conceded that there was testimony warranting a requested instruction to the jury that "if you are not convinced beyond all reasonable doubt and to a moral certainty that the defendant did not act in self-defense you will return a verdict of not guilty," the refusal thereof was not prejudicial, where other requests given fully and fairly instructed the jury as to the law of self-defense and the right to act upon appearances, and as to the law of reasonable doubt as to every fact essential to a conviction, and where, the killing being conceded, the instruction as to reasonable doubt could only apply as to whether the defendant killed the deceased in self-defense.

ID.—ENTIRE INSTRUCTIONS CONSIDERED.—We must look to the entire instructions given by the court, in order to determine whether or not the refusal to give any single instruction was prejudicial to the defendant. Although an instruction may not be given in the exact language in which it was asked, yet if, by an examination of the entire record, and the instructions as given by the court, it appears that the jury were fairly instructed upon the point upon which a single instruction was refused, such refusal will not be erroneous.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

King & Kirk, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—Defendant was informed against for the crime of murder, and was convicted of murder in the second degree. This is an appeal from the judgment and from an order denying defendants's motion for a new trial.

There is only one point urged in this appeal—the alleged error of the trial court in refusing to give to the jury the following instruction offered by the defendant: "And finally, if you are not convinced beyond all reasonable doubt and to a moral certainty that the defendant did not act in self-defense, you will return a verdict of not guilty."

We must look to the entire instructions given by the court in order to determine the question as to whether or not the refusal to give any single instruction was prejudicial to defendant. Although an instruction may not be given in the exact language in which it was asked, yet if by an examination of the entire record and the instructions as given by the court it appears that the jury were fairly instructed upon the point concerning which a single instruction was refused, such refusal will not be erroneous. If it be conceded in this case that there was testimony sufficient to have justified the giving of the instruction asked by the defendant, then we think that the court fairly and fully instructed the jury as to the point. The court, at defendant's request, instructed the jury as follows: "If you believe that the deceased made the first hostile demonstration or attack against or upon the defendant by attempting to strike the defendant with an ax, and if you believe that having made such an attack the defendant wrested or took away from him such ax, and immediately thereupon the deceased seized a knife and attempted to assault defendant in such manner and under such circumstances as would have justified a reasonable man in defendant's position in believing that deceased was about to inflict upon him, the defendant, great bodily injury, then the defendant was justified in acting upon these appearances and beliefs, and, if necessary for his own protection or to prevent great bodily injury to himself, the defendant struck the fatal

blow, he was justified in so doing, and your verdict should be one of acquittal.''

The court further, at defendant's request, instructed the jury as follows: ''The law presumes every man to be innocent until his guilt is established beyond any reasonable doubt, and this presumption attaches at every stage of the case and *to every fact essential to a conviction;* and you must give the defendant in this case the benefit of every reasonable doubt.'' Applying the latter portion of the instruction, that the jury must give the defendant the benefit of every reasonable doubt as to every fact essential to a conviction, and reading it in connection with the other instruction given as to the defendant's right to defend himself and act upon appearances and beliefs, it appears the jury were fairly instructed, and fully understood that they must find beyond a reasonable doubt every fact necessary to defendant's conviction before they would be justified in finding him guilty.

Moreover, the killing by defendant being conceded, the only question at issue to which the instruction given by the court on the subject of a reasonable doubt could apply was whether defendant killed the deceased in justifiable self-defense.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.